## WITTMAN v. MOLL.

No. 18148.   Opinion Filed June 12, 1928.

(Syllabus.)

1. **Appeal and Error—Verdict Supported by Evidence not Disturbed.**

Where there is any evidence, including every reasonable inference that the jury could have drawn from the same, reasonably tending to support the verdict, this court will not reverse a case for insufficient evidence.

2. **Same—Judgment Sustained.**

Record examined, and there is sufficient evidence reasonably tending to support verdict and judgment

Commissioners' Opinion, Division No. 1.

Error from County Court, Okmulgee County; W. A. Barnett, Judge.

Action by Mrs. Ed Moll against George Wittman. Judgment for plaintiff, and defendant appeals. Affirmed.

Felder & Moak, for plaintiff in error.

Chas. B. Steele, for defendant in error.

FOSTER, C. In this case, which was tried in the district court of Okmulgee county, Mrs. Ed Moll alleged in her amended petition that she furnished certain groceries to various third parties, upon the agreement of George Wittman and John Wittman to pay for the same, amounting to the total sum of $664.44, and that no part of the same had been paid, and prayed judgment for said amount. To this amended petition, the defendant George Wittman filed his general denial, specifically denying any promise to pay for the said groceries.

At the trial of the case John Wittman made no defense, and it was not disputed that the groceries were furnished in the amount as set out in the petition, the only question being as to whether or not George Wittman had orally promised to pay for said groceries before the same were delivered. The case was tried to a jury, who found in favor of the plaintiff for the sum of $624.39, against the defendant George Wittman, and from this judgment he appeals. The parties will be referred to as they appeared in the court below. The petition in error sets up five grounds for reversal of this case; however, in defendant's brief he argues his grounds for reversal under two headings:

(1) Error of the court in overruling defendant's motion for a new trial upon the grounds; (a) error in the assessment of the amount of recovery; and (b) that the verdict and judgment is not sustained by sufficient evidence and is contrary to law.

(2) That the court erred in giving instructions numbered 3, 6, and 8.

According to plaintiff's testimony, as presented by the record, it appears that the plaintiff was conducting a grocery store, and that the defendants John Wittman and George Wittman were the owners of a mill, and that they had in their employ certain persons to whom the groceries were furnished. The plaintiff originally had a conversation with John Wittman, in which he agreed to pay for any goods that were furnished to these employees, and about a week after that, feeling herself not amply secured on account of the promise by John, she had a conversation with George Wittman, the defendant in this case, and the only one appealing, in which he agreed, according to her testimony, to pay for the groceries delivered to these men who were employed at the mill. Under this agreement she furnished the groceries, but at the end of the first month one Ed Moll, husband of the plaintiff, went to the office of George Wittman for the purpose of collecting the amount due, which at that time appears to have been about $217. In the testimony of Ed Moll, he says in one place that George Wittman told him that he would be sure and get his money, but that he did not have the money to pay him at that time. On cross examination, in answer to one question, he says that George Wittman denied his liability for the goods, and again he says that George Wittman told him that the account would be paid, and that upon this promise the plaintiff continued to sell to the various parties, until she had furnished the sum of $664.44, as above set out, and George Wittman having refused to pay for the same, this suit was instituted.

Under this testimony, it is seriously contended that the evidence of the plaintiff, taken in its most favorable light, shows that, although defendant might have been liable for the first bill of groceries, the conversation with Ed Moll, agent of plaintiff, the substance of which is above set out, amounted to a notice to the plaintiff that he would not be responsible for any additional advances.

In response to this the plaintiff says that defendant's assignments of error are not properly presented to this court. However, we have examined the record, and believe that it sustains the verdict and judgment, and will therefore assume, without deciding, that the assignments are properly presented.

It is too well settled in this court to need citation of authorities that it is not our function to weigh the evidence in a case which has been properly submitted to the jury and a verdict rendered thereon, and if there is any evidence reasonably tending to support the verdict of the jury, this court will not set aside the same on appeal.

It is also well settled that if there is any evidence, including every reasonable inference the jury could have drawn from the same, reasonably tending to support the verdict, this court will not reverse a case for insufficient evidence.

From an examination of the entire record, we believe there is evidence reasonably tending to support the verdict and judgment,

and there was no error in assessment of the amount of recovery.

Defendant's objection to the instructions in his second assignment is based on the proposition that there is no evidence to support the judgment in excess of about $217. In view of our holding on the first assignment, this contention is clearly without merit.

We have examined the instructions, and are of the opinion that they substantially state the law governing this case.

For the reasons herein given, it follows that the judgment of the trial court should in all things be affirmed.

The defendant in his brief has asked that this court grant judgment on the supersedeas bond, and it appears that a supersedeas bond was duly filed in the district court of Okmulgee county, on which Henry Wittman and J. T. Pancoast were sureties, and a copy of same is made a part of the case-made, and under the statutes of Oklahoma and rules of this court, the plaintiff is entitled to a judgment against said sureties.

It is, therefore, ordered by this court that the plaintiff, Mrs. Ed Moll, have and recover judgment against George Wittman, principal, and the sureties on said bond, Henry Wittman and J. T. Pancoast, in the sum of $624.-39 with interest at six per cent. from the 1st day of August, 1923, and for the cost of this action, for which let execution issue.

TEEHEE, LEACH, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, §2834; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 75.